UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raymond L. Bonieskie<br>20735 Jersey Mill Pl<br>Ashburn, VA 20147<br><br>      Plaintiff,<br><br>v.<br><br>Alberto Gonzales<br>Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>      Defendant. | Civil Action No. ___<br>Judge: TBA |

## COMPLAINT

### I. INTRODUCTION

Plaintiff Raymond Bonieskie("Plaintiff" or "Mr. Bonieskie")brings this Complaint against the United States Department of Justice ("Defendant" or "Department"), for violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 (2006). ("Rehabilitation Act"). These violations arise from the Defendant's failure to reasonably accommodate Plaintiff's disability.

### II. JURISDICTION

1. This action is authorized pursuant to Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791.

2. Jurisdiction of this Court over the Rehabilitation Act claims is founded upon 28 U.S.C. § 1331.

## VENUE

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e (5) (f) (3). Venue is proper in the District of Columbia because the "employment records relevant" to the unlawful employment practice alleged in this case "are maintained and administered" in the District of Columbia. The Defendant also has its principal office, or headquarters, in the District of Columbia. Plaintiff's assigned duty station with Defendant is also in the District of Columbia.

## JURY DEMAND

4. Plaintiff demands a trial by jury for his claim pursuant to Fed. R. Civ. P. 38 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c) (1).

## PARTIES

5. Plaintiff Mr. Bonieskie is an employee of the Defendant as a Deputy United States Marshal, and is a citizen of both the United States and the Commonwealth of Virginia.

6. Defendant is an agency of the United States with its headquarters in the District of Columbia.

## PRIOR ADMINISTRATIVE PROCEEDINGS AND EXHAUSTION OF REMEDIES

7. Plaintiff filed an appeal of his demotion on April 21, 2006, with the United States Merit Systems Protection Board ("MSPB") and a hearing was held.

8. Thereafter, an MSPB administrative judge issued an initial decision, in part finding that Mr. Bonieskie was not discriminated against as alleged.

9. Plaintiff sought review from the Equal Employment Opportunity Commission ("EEOC") of the MSPB's decision as to the findings of discrimination by Defendant in that case.

10. On March 12, 2007, Plaintiff's attorney received a decision from the EEOC concurring in the MSPB's finding of no discrimination sent by the EEOC.

11. All necessary conditions precedent to the filing of this action have been met by Mr. Bonieskie in this case in that he obtained a final order of the Merit Systems Protection Board and thereafter filed a timely petition with the EEOC seeking review of the MSPB's final order. Plaintiff has filed this action within 30 days of receiving the final order of the EEOC, dated March 12, 2007.

## FACTS

12. Plaintiff is, and has since, been employed by the Defendant. During his 16 years of employment Mr. Bonieskie has worked for the Agency since August 20, 1990 and as a Deputy United States Marshal since August 4, 1998.

13. Plaintiff suffers from, and suffered during the time period relevant to this Complaint, from the disease known as drug dependency. He also suffered from chronic disabling pain beginning in May 1999, and at all times relevant to this Complaint.

14. Plaintiff's drug dependency disease is, or was during the time period relevant to this Complaint, a "disability," as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. §12102(2), which is the definition used for discrimination complaints under the Rehabilitation Act. This disability has limited his ability to engage in certain major life activities, and resulted in his requiring reasonable accommodation for his disability.

15. Plaintiff's chronic disabling pain also rose to the level of a "disability" as defined under the Americans with Disabilities Act of 1990, 42 U.S.C. §12102(2). This disability further limited his ability to engage in certain major life activities, and resulted in his requiring reasonable accommodation for his disability.

16. Plaintiff is, or was during the time period relevant to this Complaint, a "qualified individual with a disability" as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. §12111(8), which is the definition used in discrimination complaints brought under the Rehabilitation Act. 29 U.S.C. § 791(g).

17. During the time period relevant to this Complaint, and continuing to the present, Plaintiff was and has been able to perform the essential functions of his job, with or without reasonable accommodation.

18. In the 1990's, Plaintiff began suffering from disk herniation and lumbar spinal stenosis. In February 1996, he had a lumbar spine operation to relive lumbar nerve root compression. In May 1996, Plaintiff had a second lumbar spine operation. In May 1999, Plaintiff had a third lumbar spine operation. These disorders caused nerve pain.

19. As a result of these disorders, Plaintiff was prescribed pain medication, primarily Percocet. In 1999, Plaintiff's back pain became progressively worse. After his third surgery in 1999, Plaintiff was never completely pain-free.

20. During the summer of 2004, Plaintiff began to have problems with the Percocet that he had been prescribed. He began taking more than the prescribed amount in order to control the pain. He began trying to control his supply of drugs to prevent overuse by locking the medicine in his safe at night. Despite the fact that he was taking more of the recommended dose, Plaintiff did not feel any euphoric side effects. Instead, the medicine would merely partially relieve the pain.

21. The problem became especially acute in June 2004. By June 2004, Plaintiff had been taking Percocet in excess of the prescribed amount for some time. He began running out of pills before the renewal date, and would suffer through withdrawal while waiting. He began exhibiting pronounced symptoms at work, including memory lapses and blackouts. Plaintiff also exhibited problems at home, for example, coming home from work, avoiding all contact with his family and taking his meals in bed.

22. At this time Plaintiff also was prescribed Ambien, a sleep aid, and began taking Ambien regularly, in addition to Percocet.

23. Sometime during the fall of 2004, Plaintiff attempted to go off of Percocet for the first time. He stopped taking the medication and in late September 2004, he decided to visit the Agency's Employee Assistance Program ("EAP"). The Agency's contract counselor for EAP, Mr. Tom Madden, recommended a program for Plaintiff to attend. Plaintiff informed the counselor, Mr. Madden, that he was taking Ambien and Percocet at the same time. Plaintiff was not warned of the addictive properties of Ambien, especially when mixed with Percocet. When Plaintiff contacted the recommended program, he spoke with a counselor who seemed more interested on how the sessions were going to be paid for than Plaintiff's condition. The discussion upset Plaintiff, who called EAP counselor Madden again. Madden was nonplussed when Plaintiff indicated that he was frustrated with the service he had received and that he was going to try to stay off Percocet on his own. Madden did not discuss recovery from substance addiction with Plaintiff, nor did he inform Plaintiff that abstinence was not recovery. Madden did not recommend another program for Plaintiff, or take any other action.

24. Despite this setback, Plaintiff made a full effort to stay off of Percocet for five weeks. However, in November 2004, Plaintiff was on duty when he was called into the cell block of

5

D.C. Superior Court. Plaintiff was asked to rush to help an inmate who was attempting to hang herself. The woman weighed about 225 pounds. Plaintiff lifted the woman while another Deputy Marshal carefully lifted the noose from her neck. The woman kicked to prevent the rescue, resulting in Plaintiff and the woman falling together on to a wall. Plaintiff thus re-injured his back.

25.   In severe pain, Plaintiff returned to the doctor and was prescribed Percocet once again. Plaintiff's problems at work, as described above, worsened, as did his problems at home.

26.   Plaintiff also had become addicted to Ambien as well as Percocet. During the nights, Plaintiff would get up out of bed, still sound asleep, and walk around the house. He would make entire meals, and often leave the stove on. Plaintiff gained 20 or 30 pounds during this period. In the middle of the night he would yell at his wife, but in the morning have no memory whatsoever of the events.

27.   Plaintiff soon realized he was facing the same addiction issues as before. On Sunday, February 6, 2005, he decided to stop taking the Percocet completely. Plaintiff then flushed the remaining supply of his Percocet down the toilet. However, Plaintiff did not stop taking the Ambien. The next morning, Monday February 7, 2005, he began suffering from withdrawal symptoms. The increased pain made sleep difficult and by Tuesday, February 8, 2005, Plaintiff was not sleeping and called his doctor for another Ambien prescription.

28.   On the evening of Tuesday, February 8, 2005, Plaintiff took an Ambien and went to bed around 7:00 or 8:00 p.m. Later, Plaintiff's wife would report that in the middle of the night, Plaintiff again took the Ambien. Plaintiff has no memory of taking any Ambien later that night.

29. On the morning of Wednesday February 9, 2005, Plaintiff's wife argued with Plaintiff regarding what she considered his bizarre behavior. She told Plaintiff he had to move out of the house until he had recovered. Plaintiff packed up his things and left for a hotel. He checked into the hotel and decided to sleep early. Plaintiff took an Ambien and went to bed.

30. Plaintiff awoke a few hours later in a state of half-sleep. Still under the effects of the Ambien, Plaintiff apparently put on two coats and got into his vehicle with the intent of driving home and getting more equipment. Plaintiff drove 75 or 100 feet and crashed into the back of a pickup in the parking lot of the hotel.

31. The Agency began to investigate the accident in this case on April 29, 2005. The investigation was completed and sent to Defendant's management team on September 9, 2005.

32. Plaintiff's disabilities (drug dependency and chronic debilitating pain), and the Agency's failure to provide reasonable accommodation for his disabilities, resulted in the disciplinary action in this case by the Agency.

33. Plaintiff was proposed for removal from his federal employment on January 30, 2006. On May 30, 2006, the U.S. Marshal's Service suspended Plaintiff for 30 days and demoted him from his position of Deputy United States Marshal GS-1811 12 step 3 to a position of Deputy United States Marshal GS-082-11.

34. Defendant was aware on or about late September 2004 that Plaintiff suffered from the disability of prescription drug dependency and chronic debilitating pain, but yet engaged in unlawful discrimination in their decision to unreasonably demote him from his previous position of Deputy United States Marshal GS-1811 12 step 3 to a position of Deputy United States Marshal GS-0082-11, and to suspend him for 30 days.

35. Defendant was aware of Plaintiff's disabilities at the time he requested reasonable accommodation in late September 2004. Management officials on notice of Plaintiff's disability include Laura Kelso and Karen Ramey.

36. Plaintiff put Defendant's management personnel on notice of his need for a reasonable accommodation specifically in the form of a request for EAP counseling services relating to his addiction to Percocet in September 2004.

37. Additionally, Plaintiff again put Agency on notice of his dependency disease in his oral response on March 3, 2006 and in his written response on February 24, 2006.

38. Defendant also was on notice of Plaintiff's disabilities by virtue of the notice management officials took, and discussed among themselves, of Plaintiff's problems at work.

39. Defendant, through their discriminatory actions in his demotion, refused to provide appropriate reasonable accommodation to Plaintiff.

40. Defendant failed to provide Plaintiff with reassignment or other appropriate reasonable accommodation before disciplining him.

41. In June 2006, Plaintiff filed an appeal with the MSPB through his then attorney, Robert P. Waldeck, Esquire.

42. Plaintiff hereby incorporates all of the allegations in his MSPB appeal and EEOC appeal.

43. Plaintiff has complied with all requirements of the federal sector process, by timely filing a petition for review with the MSPB, which was dismissed. Plaintiff's Formal EEOC appeal was also dismissed, and Plaintiff was given the right to file a civil action following the EEOC decision on Plaintiff's appeal to the EEOC. Thus, Plaintiff has exhausted his administrative remedies and now comes before this Court to seek relief.

## COUNT ONE: DISABILITY DISCRIMINATION - FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY IN VIOLATION OF THE REHABILITATION ACT

44. Plaintiff hereby incorporates paragraphs 1-43 above by reference.

45. Plaintiff has, or had, a "disability" as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102(2), which is the definition used in discrimination complaints brought under the Rehabilitation Act. 29 U.S.C. § 791(g) (2005).

46. Plaintiff I, or was, a "qualified individual with a disability" as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(8), which is the definition used in discrimination complaints brought under the Rehabilitation Act. 29 U.S.C. § 791(g).

47. Defendant was on notice of the Plaintiff's disabilities, and was required to provide him with reasonable accommodation.

48. Defendant's refusal to provide reasonable accommodation for the Plaintiff's disability is in violation of the Rehabilitation Act, as amended. Id. § 791.

49. As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to loss of pay, advancement within his given profession, pain, suffering, attorney fees, and other damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Honorable Court grant him the following relief, namely:

1. Declare that Defendant unlawfully discriminated against Plaintiff by unreasonably demoting and suspending him,

2. That Defendant provide Plaintiff with a workplace free of unlawful discrimination,

3. That Defendant award Plaintiff back pay and front pay as a result of his unlawful

demotion and in that light award Plaintiff full "make whole" relief, including any lost pay, benefits, seniority and training opportunities resulting from management's unlawful conduct; That Defendant award Plaintiff compensatory damages, including, but not limited to, reimbursement for medical and other expenses, attorneys' fees, and compensation for severe emotional suffering and stress, and damage to professional status and interest;

4. That Defendant award Plaintiff reasonable attorney's fees and costs under Title VII, 42 U.S.C. § 2000e-5(k) and as otherwise provided under law; and

5. Any and all other forms of relief which this Court deems just.

Respectfully submitted,

*[signature]*

Cheryl Polydor, Esq.
DC Bar Id #: 454066
THE LAW OFFICES OF JOHN BERRY, PLLC
1990 M Street, NW
Suite 610
Washington, DC 20036
(202) 955-1100
Fax: (202) 955-1101
<u>Attorney for Plaintiff</u>

Dated: April 11, 2007

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Raymond Bonieskie

## DEFENDANTS
Alberto Gonzales, Attorney General, U.S. Department of Justice

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cheryl Polydor
John Berry, P.L.L.C.
1990 M. Street, N.W. Suite 610
Washington, D.C. 20036
202-955-1100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 4/11/07    SIGNATURE OF ATTORNEY OF RECORD  /s/ Cheryl Polk

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.